IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRACY PRICE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:23cv1299 |
| ) | **Electronic Filing** |
| **LA GRANGE ACQUISITIONS** doing ) | |
| business as ENERGY TRANSFER ) | |
| COMPANY, a wholly owned subsidiary ) | |
| of Energy Transfer, LP, and **ENERGY** ) | |
| **TRANSFER, LP**, ) | |
| ) | |
| Defendants. ) | |

## OPINION

Tracy Price ("plaintiff") commenced this action against LaGrange Acquisitions, d/b/a Energy Transfer Company, and Energy Transfer, LP ("defendants") alleging violations of the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), wrongful discharge, failure to accommodate, and retaliation. On August 22, 2023, defendants served plaintiff with an arbitration demand pursuant to plaintiff's employment agreement. In accordance with this agreement, plaintiff and defendants filed motions to stay pending arbitration on September 8, 2023, and plaintiff filed a demand for arbitration with the American Arbitration Association on September 11, 2023. This court granted the motion to stay on September 19, 2023.

The parties selected Carole Katz as arbitrator ("Arbitrator Katz") and after further development a hearing was held on September 23–26, 2024. After considering the full development of the record, Arbitrator Katz issued an interim award for plaintiff on December 17, 2024. On February 19, 2025, Arbitrator Katz issued a final award which included an award for attorney's fees and costs.

As to liability, Arbitrator Katz determined that defendants prematurely ended the interactive process after plaintiff brought additional information to light during the parties' ongoing exchange. As a result, she found that defendants failed to offer reasonable and effective accommodations under the PHRA and unjustly terminated plaintiff. Presently before the court is defendants' motion to vacate the arbitration award and plaintiff's motion to confirm it. For the reasons set forth below, defendants' motion to vacate will be denied and plaintiff's motion to confirm will be granted.

Defendants aver that Arbitrator Katz's award manifestly disregarded the PHRA and the law governing its interactive process in two ways. First, Arbitrator Katz assertedly failed to recognize that an employer is entitled to rely on physician-approval of proposed accommodations in attempting to meet its obligations to provide reasonable accommodations and, here, actually held defendants to a duty beyond any imposed by law by requiring them to continue with the interactive process once a treating-physician approved proposal had been offered to plaintiff. Defendants support this position by discussing the extensive communications between themselves, plaintiff, and the parties' physicians. They insist these extensive communications demonstrate a commitment to the interactive process and reasonably formed the basis of defendants' physician-approved accommodations. In this manner, defendants conclude they satisfied their obligation to the engage in the interactive process and offer reasonable accommodations.

Second, defendants posit that Arbitrator Katz manifestly disregarded the law by denying defendants the opportunity to choose their preferred accommodations. Defendants avers it is standard under the ADA and the PHRA that an employer may choose which accommodations to implement when more than one reasonable accommodation has been identified. By failing to afford defendants the opportunity to choose among the competing accommodations and

2

implement one that was deemed reasonable by both parties' treating/consulting physicians, Arbitrator Katz purportedly demonstrated a manifest disregard for the law.  In these two ways, defendants argue Arbitrator Katz manifestly disregarded the law.

Defendants further argue that Arbitrator Katz violated the public policy underlying the interactive process when she found that defendants did not fulfill their obligations.  They correctly note that the interactive process of the ADA and PHRA facilitates open dialogue between the employer and employee.  Underpinning this open dialogue is the employer's belief that good-faith efforts to present reasonable accommodations will be met by the employee's good faith in utilizing them; and neither party need fear repercussions if the parties cannot reach agreement.  Defendants implies Arbitrator Katz's denial of defendants' physician-approved accommodations and subsequent award of damages in favor of plaintiff eliminated their safe harbor to negotiate in good faith and in turn subverted the public policy underlying the interactive process.

Defendants' efforts to upend Arbitrator Katz's assessments fall short of meeting any of the requirements in § 10(a) of the FAA or any other applicable grounds for vacatur.  The FAA provides that an arbitration award may be vacated:

(1) Where the award was procured by corruption, fraud or undue means.

(2) Where there was evident partiality or corruption in the arbitrators . . . .

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

3

9 U.S.C. § 10(a)(1)-(4).  The grounds upon which this court may vacate an arbitration award are generally understood to be "narrow in the extreme." Amalgamated Meat Cutters & Butcher Workmen of N. Am., Local 195 v. Cross Brothers Meat Packers, Inc., 518 F.2d 1113, 1121 (3d Cir. 1975).

Arbitration awards will be set aside only in "very unusual circumstances." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995).  The "court's function in confirming or vacating [an arbitration] award is severely limited" and there is a "strong presumption" in favor of an arbitration award.  Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co., 868 F.2d 52, 56 (3d Cir. 1989).

It is not the proper role of the court to "sit as the [arbitrator] did and reexamine the evidence under the guise of determining whether the arbitrators exceeded their powers." Mutual Fire, 868 F.2d at 56.  In other words, the court's role is not to review the merits of the arbitrators' decision.  See United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987).  "[T]he terms of the arbitral award will not be subject to judicial revision unless they are 'completely irrational.'"  Mutual Fire, 868 F.2d at 56 (citing Swift Indus. v. Botany Indus., 466 F.2d 1125, 1131 (3d Cir. 1972).

In addition to the statutory grounds, a district court may also vacate an award if the arbitrators displayed "manifest disregard" of the law.  First Options, 514 U.S. at 942.  "Manifest disregard of the law" by arbitrators is a judicially created ground for vacating their arbitration award.  See Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 251 (3d Cir. 2013) ("[w]e do not entertain claims that an arbitrator has made factual or legal errors.  Rather, mindful of the strong federal policy in favor of commercial arbitration, we begin with the presumption that the award is enforceable.") (quoting Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 219 (3d Cir. 2012): accord Local 863 Intern. Broth. of Teamsters, Chauffers, Warehousemen and Helpers of

4

America v. Jersey Coast Egg Producers, Inc., 773 F.2d 530 (3d Cir. 1985) ("An award may be set aside only in limited circumstances, for example, where the arbitrator's decision evidences manifest disregard for the law rather than an erroneous interpretation of the law."); Dluhos v. Strasberg, 321 F.3d 677, 687 (2d Cir. 1986) (same)).

Specifically, a court should not vacate an award unless it finds "both that (1) the arbitrators know of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicitly, and clearly applicable to the case." Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 202 (2d Cir. 1998); DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 821 (2d Cir. 1997(, cert. denied, 552 U.S. 1049 (1998).

These principals reinforce the proposition that in deciding whether a sufficient showing has been made to vacate an arbitration award, it is not enough to establish that the arbitrator legally or factually erred; instead, a reviewing court must find that the arbitrator's decision exceeded the bounds of rationality. In other words, it was "completely irrational."

Here, defendants have failed to raise a substantial argument that supports vacatur under the FAA. First, there is no evidence that corruption, fraud, or undue means influenced Arbitrator Katz's award. Second, Arbitrator Katz did not demonstrate partiality or corruption with the parties. She reviewed and weighed the entirety of the evidence dispassionately and objectively. In doing so, she made proper factual and credibility determinations. Third, defendants present no evidence that Arbitrator Katz partook in any "misbehavior" which prejudiced defendants' rights. Fourth, Arbitrator Katz neither exceeded her powers as arbitrator nor imperfectly executed her powers in a manner rendering the award invalid. Defendants have attempted to relitigate Arbitrator Katz's factual findings under the guise of the FAA. In doing so, defendants have failed to raise a substantial argument supporting vacatur of the award.

Defendants likewise fail to demonstrate Arbitrator Katz manifestly disregarded the PHRA and "irrational[ly]" arrived at a decision in favor of plaintiff. Rather, defendants subtly seek to couch the re-litigation of Arbitrator Katz's factual findings as a manifest disregard for the law. But contrary to their current theory, Arbitrator Katz demonstrated a competent understanding of the ADA and the PHRA. She thoroughly examined the evidence presented by both parties and determined that in the end defendants had failed to fulfill their obligations under the PHRA's interactive process.

Defendants contend that participating in the interactive process and then arriving at a physician-approved accommodation is a safe harbor that satisfies an employer's obligations and Arbitrator Katz manifestly disregarded the settled application of this principle in a manner that threatens the ability of employers to select between acceptable accommodations. But she did no such thing. To the contrary, Arbitrator Katz expressly acknowledged that "[it] was not unreasonable for [defendants] to follow the consensus of *both* medical professionals" in adopting their initial position on accommodations. Interim Award (Doc. No. 14-3) at p. 12. Instead, she merely recognized that the process can be ongoing where the circumstances require as much and it was defendants who thereafter caused the process to breakdown when they "refus[ed] to reconsider [their] initial list of accommodations even in the face of [plaintiff's] detailed explanations why they would be ineffective in addressing her needs." Id.

Of course, it was Arbitrator Katz who was charged with making the factual determinations pertaining to the issue of whether as an employer defendants had adequately engaged in and sufficiently satisfied the interactive process. She did so in a manner that decided the questions of fact against defendants. Arguing that her factual assessments were a form of "manifest disregard of the law" does not make it so. And more importantly, it does not supply an adequate foundation from which to vacate an arbitration award. And even assuming that she

6

committed an error of law in applying the body of law from which defendants extrapolate their "safe harbor" position, her application of that body of law fell far short of manifesting disregard of the law or complete irrationality. Consequently, the grounds advanced by defendants in favor of vacatur are insufficient to meet the hefty burden they face.

For the reasons set forth above, defendants' motion to vacate Arbitrator Katz's awards will be denied and plaintiff's motion to affirm the awards and enter them as a final judgment in this court will be granted. Appropriate orders will follow.

Date: September 18, 2025

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:   Rachel L. McElroy, Esquire
      Christine T. Elzer, Esquire
      Philip K. Kontul, Esquire
      Taylor E. Gillan, Esquire


(*Via CM/ECF Electronic Mail*)