IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**TRACY PRICE,**                           )
                                            )
    Plaintiff,          )
                                            )
    v.                   )  2:23cv1299
                                            )  **Electronic Filing**
**LA GRANGE ACQUISITIONS** doing            )
business as ENERGY TRANSFER                 )
COMPANY, a wholly owned subsidiary          )
of Energy Transfer, LP, and **ENERGY**      )
**TRANSFER, LP**,                           )
                                            )
    Defendants.          )

## MEMORANDUM ORDER

AND NOW, this 30th day of December, 2025, upon due consideration of plaintiff's petition for attorneys' fees incurred post arbitration and the cost of filing suit and the parties' submissions in conjunction therewith, IT IS ORDERED that [33] the motion be, and the same hereby is, granted. Plaintiff is awarded an additional amount of $21,565.00 in attorneys fees and additional costs in the amount of $402.00.

Defendants' effort to avoid liability for these additional costs and fees under Davidson Design & Development, Inc. v. Frison, 815 F. App'x 659 (3d Cir. 2020) is unavailing. Unlike the scenario presented in Frison, this case was commenced pursuant to "the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112." Complaint (Doc. No. 1) at p.1. Plaintiff also sought "wage loss and compensatory damages, costs, and attorneys' fees for Defendant's parallel violations of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*" Id. Thus, there is an underlying statutory basis for recovering fees and costs that is separate from the segment of the case governed by the parties' arbitration agreement.

After the filing of the complaint defendant moved to compel arbitration pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.* ("FAA"). The court granted the motion and stayed the case pending the completion of the arbitration proceeding. See Order to Stay Case Pending Arbitration (Doc. No. 11). The case was statistically closed during the stay; nevertheless, the court retained "jurisdiction of the case during the pendency of the arbitration [and advised the parties that] [n]othing contained in [the] order shall be construed as a final dismissal or disposition of this case and should further proceedings in it become necessary, any party may initiate the appropriate course of action in the same manner as if [the statistical closing] order had not been entered." Id.

After the arbitrator rendered a final award both parties returned to this court seeking further relief: plaintiff sought to confirm the award pursuant to Section 9 of the FAA; defendants sought to vacate the award pursuant to Section 10 of the FAA. In presenting its motion, defendant did not invoke any new basis for jurisdiction. The court adjudicated the competing motions through an Opinion and Order entered on September 18, 2025. See Opinion and Order of September 18, 2025 (Doc. No. 27 & 28). An order of final judgment pursuant to Rule 58 was entered on the same date. Order Entering Final Judgment (Doc. No. 29). Plaintiff's petition for attorneys fees and costs (among other motions/filings) followed.

The Federal Arbitration Act has never been a statutory basis for this court's jurisdiction and authority to act over the parties' dispute. Indeed, contrary to defendant's implicit contention, it could not have supplied the authority for this court to adjudicate what remained of the parties' dispute after they returned from arbitration.

The FAA authorizes the filing of several forms of relief in conjunction with the enforcement and administration of arbitration agreements. Among these are the commencement of a proceeding to compel arbitration pursuant to Section 4 of the FAA as well as applications to

2

confirm, vacate, modify or correct an arbitral award under Sections 9, 10, and 11.  <u>Badgerow v.</u> <u>Walters</u>, -- U.S. --, 142 S. Ct. 1310, 1314 (2022).  But the FAA does not create federal subject matter jurisdiction for these filings.  <u>Id.</u>  Instead, an "independent jurisdictional basis" must exist before a federal court may resolve these matters.  <u>Id.</u> (quoting <u>Hall Street Associates, LLC v.</u> <u>Mattel, Inc.</u>, 552 U.S. 576, 582 (2008)).

As a general matter, federal district courts "are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute."  <u>Id.</u> (citing <u>Kokkonen v. Guardian Life Ins. Co.</u> <u>of America</u>, 511 U.S. 375, 377 (1994)).  Congress has vested these courts with jurisdiction over two main types of cases: diversity cases - suits between citizens of different States where the amount in controversy is more than $75,000.00, <u>see</u> 28 U.S.C. § 1332(a), and federal question cases - suits "arising under" federal law.  <u>Id.</u> (citing 28 U.S.C. §§ 1331 & 1332).

Federal question jurisdiction exists in "civil actions arising under" federal law.  <u>Goldman</u> <u>v. Citigroup Global Markets, Inc.</u>, 834 F.3d 242, 249 (3d Cir. 2016); <u>Badgerow</u>, 142 S. Ct. at 1316.  Typically, an action arises under federal law if that law "creates the cause of action asserted."  <u>Gunn v. Minton</u>, 568 U.S. 251, 257 (2013).  Here, plaintiff's complaint presented a claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12112, which presented a claim establishing federal question jurisdiction.  The complaint also presented a claim for "wage loss and compensatory damages, costs, and attorneys' fees for Defendant's parallel violations of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA").  The court had supplemental jurisdiction over plaintiff's PHRA claim pursuant to 28 U.S.C. § 1367(a).

The Pennsylvania Human Relations Act permits a court in its discretion to award attorneys fees and costs to a prevailing party.  42 P. S. § 962(c. 2).  A plaintiff becomes a prevailing party when it enjoys success on the merits on at least one of its claims for relief and "a court conclusively resolves [that] claim by granting enduring judicial relief on the merits that

materially alters the legal relationship between the parties." <u>Lackey v. Stinnie</u>, 604 U.S. 192, 203-04 (2025); <u>accord</u> <u>Texas State Teachers Assn. v. Garland Independent School Dist.</u>, 489 U.S. 782, 792–793 (1989) (a plaintiff prevails when a court grants enduring judicial relief that constitutes a material alteration of the legal relationship between the parties).

Plaintiff is a prevailing party under the PHRA. This court's orders of September 18, 2025, granted in plaintiff's favor enduring judicial relief that effectuated a material alteration of the legal relationship between the parties. The post arbitration proceedings in this court were an essential step in securing the final judgment to which plaintiff was entitled and in turn procuring final, enduring relief in this employment discrimination action.

The jurisdiction of the court was established with the federal question presented in the complaint. The court had pendent jurisdiction over plaintiff's concomitant state law claim under the PHRA. The case was stayed during the pendency of the arbitration. The stay was lifted when the parties returned from arbitration and both parties relied on that jurisdiction in seeking post-arbitration relief pursuant to the FAA.

The court's jurisdiction extends to an award of fees to the prevailing party for matters necessary to securing enduring judicial relief that are exclusively before this court and beyond the scope of the underlying arbitration proceeding. Because plaintiff's pending request for attorneys fees is within the scope of the court's jurisdiction over the parties' dispute, the court has maintained that jurisdiction throughout the course of this action, plaintiff is a prevailing party and has met the criteria for an award of fees, and the award addresses post-arbitration proceedings that occurred in and can only be addressed by this court, the court grants plaintiff's

request and awards additional costs in the amount of $402.00[1] and an additional amount of

$21,565.00 in attorneys fees.[2]

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Rachel L. McElroy, Esquire
       Christine T. Elzer, Esquire
       Philip K. Kontul, Esquire
       Taylor E. Gillan, Esquire

       (*Via CM/ECF Electronic Mail*)

---

[1] Plaintiff maintains that the filing fee was not a "necessary cost" in pursuing the arbitration proceeding and therefore she did not seek an award for it before the arbitrator. She does assert that it was a necessary cost in pursuing confirmation of the arbitrator's final award. As such, she seeks its recovery under the PHRA and Federal Rule of Civil Procedure 54(d)(1). We agree that it is a necessary and thus recoverable cost under both of these and have included it in the relief granted herein.

[2] Because the PHRA vests this court with authority to award attorneys fees and costs, the court has retained that authority throughout this litigation, and the record supports the exercise of that authority to award of fees and costs to plaintiff, the court need not reach plaintiff's alternative request for fees and costs pursuant to the court's inherent authority and the "sore loser" paradigm articulated in B.L. Harbert Intern., LLC v. Hercules Steel Co., 441 F.3d 905, 913 11th Cir. 2006), abrogated on other grounds, Frazier v. CitiFinancial Corp., 604 F.3d 1313 (11th Cir. 2010); accord DMA Intern., Inc. v. Qwest Communications Intern., Inc., 585 F.3d 1341, 1346 (10th Cir. 2009) (the availability of sanctions is an essential measure in giving breath to the national policy favoring arbitration and assuring that arbitration remains an attractive alternative to litigation).